

SEAN P. REIS (SBN 184044)
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Telephone: (949) 459-2124

JAY EDELSON*
jedelson@edelson.com
RAFEY S. BALABANIAN*
rbalabanian@edelson.com
BENJAMIN H. RICHMAN*
brichman@edelson.com
CHRISTOPHER DORE*
cdore@edelson.com
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370

*pro hac vice application to be filed

[Additional counsel appearing on signature page]

*Counsel for Plaintiff and the putative class*

**FILED**
2013 JAN -8 A 11: 22
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER HERRERA, individually and on behalf of all others similarly situated, | Case No. C 13 0090 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| CREDIT BUREAU OF NAPA COUNTY, INC., a California corporation, | |
| Defendant. | |

DMR



## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Javier Herrera brings this class action complaint against Defendant Credit Bureau of Napa County, Inc., to stop Defendant's practice of making unsolicited phone calls to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by its conduct. Plaintiff, for his class action complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Defendant Credit Bureau of Napa County, Inc. is debt collector working in conjunction with such companies as Verizon Wireless.

2. In its collection efforts, Defendant engages in unlawful and unfair debt collection practices, including harassing consumers with excessive and verbally abusive telephone calls at all hours of the day.

3. Defendant repeatedly made (or directed to be made on its behalf) unsolicited telephone calls to Plaintiff's and the other putative Class members' cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

4. Neither Plaintiff Herrera, nor the other members of the proposed Class, ever provided the cellular telephone numbers on which they received calls to Defendant for any purpose, nor did they consent to have Defendant make calls to those telephone numbers.

5. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and the monies paid to their wireless carriers for the receipt of such telephone calls.

6. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. Defendant made these calls despite the fact that neither Plaintiff Herrera, nor the other members of the putative Class, ever provided their cellular telephone numbers to Defendant or any other related third party for any purpose related to the underlying debt or transaction, and never provided Defendant consent to be called on their cellular telephones.

7. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff Javier Herrera is a natural person and citizen of the State of California.

9. Defendant Credit Bureau of Napa County, Inc. (d/b/a "Chase Receivables") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1247 Broadway, Sonoma, California 95476. Credit Bureau of Napa County does business throughout the United States, the State of California and in this District.

## JURISDICTION AND VENUE

10. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, which is a federal statute.

11. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant transacts significant amounts of business within this District including making telephone calls to consumers located in this District and because Defendant is headquartered in this District.

## COMMON FACTUAL ALLEGATIONS

12. Defendant placed and continues to place repeated and harassing phone calls to consumers who allegedly owe a debt held by Defendant, or held by a third party on whose behalf Defendant is acting (such as Verizon Wireless), and who never provided the number called to Defendant or Defendant's business partners. Instead, Defendant acquires phone numbers through various means such as "skip tracing" or "number trapping."

13. Defendant has placed calls for the purpose of debt collection to tens of thousands of consumers in the past four years.

14. At the time Plaintiff purchased a cellular telephone from Verizon Wireless, he did not provide Verizon with any other telephone number other than the number belonging to his

1 | purchased phone.

2      15. Since that time, Plaintiff has purchased a new cellular telephone with a new telephone number.

     16. However, starting in or around October 2012, Defendant, in an effort to collect an alleged debt stemming from his original purchase of a cellular phone from Verizon, repeatedly made harassing telephone calls to his new cellular telephone number. Defendant made and continues to make these unauthorized and harassing telephone calls to Plaintiff, as often as once a day.

     17. The calls received by Plaintiff are from the phone number (800) 622-0484, and appear on Plaintiff's caller ID as "Chase Receivables," Defendant's d/b/a.

     18. Plaintiff never provided his new telephone number to Defendant or Verizon Wireless, never consented to receive telephone calls from Defendant at that number, did not provide that telephone number at the time of his original cellular telephone purchase, and did not provide that telephone number to Defendant or Verizon Wireless in any other capacity.

     19. The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. Additionally, Defendant's calls utilized interactive voice recognition technology, also known as a predictive dialer, in which calls are placed by a machine, and when a consumer answers the phone, there is a noticeable pause prior to being connected to a live representative of Defendant. This technology, on information and belief, dials several numbers simultaneously and connects the call to only those who answer first.

     20. Defendant was and is aware that the above described telephone calls were and are being made to consumers without those consumers' prior express consent.

## CLASS ALLEGATIONS

     21. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a class (the "Class") defined as follows:

All individuals in the United States who received a telephone call, made by or on behalf of Defendant, on a cellular telephone number that the call recipient did not provide directly to Defendant or a third party lender, creditor, or retailer at the time he or she allegedly incurred the debt underlying the telephone call.

22. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made telephone calls to tens of thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

23. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

24. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

25. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) whether Defendant's conduct constitutes a violation of the TCPA;

    (b) whether the equipment Defendant used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCPA;

    (c) whether Defendant systematically made telephone calls to persons who did not previously provide Defendant with their prior express consent to receive such telephone calls;

    (d) whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

26. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of

this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

27. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

28. Defendant and/or its agents made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class without their prior express consent to receive such calls.

29. Defendant made the telephone calls, or had them made on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

30. Defendant and its agents utilized equipment that made, or had made on its behalf, the telephone calls to Plaintiff and other members of the Class simultaneously and without human intervention.

31. By making, or having made on its behalf, the unsolicited telephone calls to Plaintiff and the Class's cellular telephones without prior express consent, and by utilizing an automatic telephone dialing system, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

32. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class

suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

33. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Javier Herrera, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Javier Herrera as the representative of the Class, and appointing his counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: January 7, 2013

EDELSON MCGUIRE LLP

By: /s/ Sean P. Reis
One of his Attorneys

SEAN P. REIS (SBN 184044)
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Telephone: (949) 459-2124

| | |
|---|---|
| 1 | JAY EDELSON* <br> jedelson@edelson.com |
| 2 | RAFEY S. BALABANIAN* <br> rbalabanian@edelson.com |
| 3 | BENJAMIN H. RICHMAN* <br> brichman@edelson.com |
| 4 | CHRISTOPHER DORE* <br> cdore@edelson.com |
| 5 | EDELSON MCGUIRE LLC <br> 350 North LaSalle Street, Suite 1300 <br> Chicago, IL 60654 |
| 6 | Telephone: (312) 589-6370 |
| 7 | D. FRANK DAVIS* <br> fdavis@davisnorris.com |
| 8 | JOHN E. NORRIS* <br> jnorris@davisnorris.com |
| 9 | DAVIS & NORRIS LLP <br> The Bradshaw House |
| 10 | 2154 Highland Avenue South <br> Birmingham, AL 35205 |
| 11 | Telephone: (205) 930-9900 |
| 12 | *pro hac vice application to be filed |