Christopher C. Saldaña, Esq. (SBN 269456)
chris@ccslawgroup.com
LAW OFFICES OF CHRISTOPHER C. SALDAÑA
350 Tenth Avenue, 10th Floor
San Diego, California 92101
Telephone: (619) 365-9995
Facsimile:  (877) 539-1135

Attorneys for Defendant CREDIT BUREAU OF NAPA COUNTY, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA- SAN FRANCISCO DIVISION

| | |
|---|---|
| JAVIER HERRERA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CREDIT BUREAU OF NAPA COUNTY, INC., a California corporation,<br><br>Defendant. | Case No.: 13-CV-0090-SI<br><br>**CORRECTED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CREDIT BUREAU OF NAPA COUNTY, INC. TO COMPLAINT OF JAVIER HERRERA**<br><br>**JURY TRIAL DEMANDED**<br><br>**District Judge:**   Hon. Susan Illston<br>**Complaint Filed:**   January 3, 2013 |

Pursuant to the Court's request, Defendant CREDIT BUREAU OF NAPA COUNTY, INC., submits the following Corrected Answer and Affirmative Defenses.  Please note that nothing within this Answer pleading, or the documents filed herewith have been changed, with the exception of the case number.

Defendant CREDIT BUREAU OF NAPA COUNTY, INC., (hereinafter referred to as "Defendant" and/or "CBNC"), as and for its answer to the Complaint of Plaintiff JAIVER

HERRERA (hereinafter referred to as "Plaintiff"), denies each and every allegation contained therein, unless otherwise admitted or qualified herein.

In response to the introductory paragraph of Plaintiff's Complaint, CBNC admits that Plaintiff purports to bring a putative class action against CBNC seeking various forms of relief. CBNC denies that it violated any law in this matter that would entitle Plaintiff to such relief, and further denies that a class action is appropriate in this case.

## I.

## RESPONSES TO PLAINTIFF'S ALLEGATIONS

1. In response to paragraph 1 of Plaintiff's Complaint, CBNC admits that it is sometimes a debt collector and sometimes works with, or on behalf of, companies such as Verizon Wireless.

2. In response to paragraph 2 of Plaintiff's Complaint, Plaintiff sets forth conclusions of law to which CBNC is not obligated to respond.

3. In response to paragraph 3 of Plaintiff's Complaint, CBNC denies that it violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA"). As to the balance of said paragraph, CBNC lacks knowledge or information sufficient to either admit or deny the allegations and, therefore, denies the same.

4. In response to paragraph 4 of Plaintiff's Complaint, CBNC denies that it violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* and denies that class treatment of this claim is appropriate. As to the balance of said paragraph, CBNC lacks knowledge or information sufficient to either admit or deny the allegations and, therefore, denies the same.

5. In response to paragraph 5 of Plaintiff's Complaint, CBNC lacks knowledge or information sufficient to either admit or deny the allegations and, therefore, denies the same.

6. In response to paragraph 6 of Plaintiff's Complaint, Plaintiff sets forth conclusions of law to which CBNC is not obligated to respond. As to the balance of paragraph 6, CBNC lacks knowledge or information sufficient to either admit or deny the allegations and, therefore, denies the same.

7. In response to paragraph 7 of Plaintiff's Complaint, CBNC admits that Plaintiff seeks the relief discussed in said paragraph, but denies that Plaintiff or any putative class is entitled to such relief.

8. CBNC admits the allegations of paragraph 8.

9. CBNC admits the allegations of paragraph 9.

10. As to paragraph 10 of Plaintiff's Complaint, Plaintiff sets forth conclusions of law to which CBNC is not obligated to respond. As to the balance of paragraph 6, CBNC lacks knowledge or information sufficient to either admit or deny the allegations and, therefore, denies the same.

11. CBNC admits the allegations of paragraph 11.

12. In response to paragraph 12 of Plaintiff's Complaint, CBNC denies that it harassed Plaintiff or other consumers. CBNC denies that it lacked consent, whether actual or implied, to place telephone calls to Plaintiff or others in reference to alleged Verizon Wireless accounts. Defendant lacks knowledge or information sufficient to either admit or deny the balance of the allegations, as relevant here, of paragraph 12 and, therefore, denies the same.

13. In response to paragraph 13 of Plaintiff's Complaint, CBNC lacks knowledge or information sufficient to either admit or deny the allegations and, therefore, denies the same.

14. In response to paragraph 14 of Plaintiff's Complaint, CBNC denies that Verizon Wireless was not provided with Plaintiff's Verizon Wireless telephone numbers for each Verizon Wireless telephone he purchased.

15. In response to paragraph 15 of Plaintiff's Complaint, in view of the ambiguity of the allegation set forth therein, CBNC lacks knowledge or information sufficient to either admit or deny the allegations and, therefore, denies the same.

16. In response to paragraph 16 of Plaintiff's Complaint, CBNC lacks knowledge or information sufficient to either admit or deny the allegations as to any non-Verizon Wireless telephone number and, therefore, denies the same. To the extent paragraph 15 is intended to apply to only Verizon Wireless telephone numbers of Plaintiff, CBNC denies it made harassing or unauthorized, whether authorization was explicit or implied, telephone calls to Plaintiff.

17. In response to paragraph 17 of Plaintiff's Complaint, CBNC admits it sometimes does business as Chase Receivables and that it utilizes the telephone number (800) 622-0484. CBNC lacks knowledge or information sufficient to either admit or deny the balance of the allegations of paragraph 17 and, therefore, denies the same.

18. In response to paragraph 18 of Plaintiff's Complaint, CBNC lacks knowledge or information sufficient to either admit or deny the allegations as to any non-Verizon Wireless telephone number and, therefore, denies the same. To the extent paragraph 18 is intended to apply to only Verizon Wireless telephone numbers of Plaintiff, CBNC denies that neither it nor Verizon Wireless were provided with Plaintiff's Verizon Wireless telephone numbers.

19. In response to paragraph 19 of Plaintiff's Complaint, Plaintiff has provided insufficient information for CBNC to admit or deny that Plaintiff did or did not receive telephone calls from CBNC and CBNC, therefore, denies the same. The balance of paragraph 19 describes

telephonic technology as applied to "Defendant's calls", presumably to Plaintiff.  Because CBNC lacks knowledge or information sufficient to admit or deny whether Plaintiff received any such calls from Defendant, and therefore has denied the same, CBNC likewise has insufficient information to admit or deny that such technology was used during telephone calls it cannot admit on present information occurred.  Accordingly, CBNC on that basis likewise denies the balance of the allegations of paragraph 19.

20.   In response to paragraph 20 of Plaintiff's Complaint, Plaintiff sets forth conclusions of law to which CBNC is not obligated to respond.  To the extent CBNC is required to respond to the allegations of paragraph 20, CBNC admits that Plaintiff has pleaded in his Complaint that this is a putative class action, however CBNC denies that this matter is appropriate for class treatment, whether under Fed. R. Civ. P. 23(b)(2), (b)(3), or otherwise.

21.   In response to paragraph 21 of Plaintiff's Complaint, Plaintiff sets forth conclusions of law to which CBNC is not obligated to respond.  To the extent CBNC is required to respond to the allegations of paragraph 21, CBNC denies that this matter is appropriate for class treatment.

22.   In response to paragraph 22 of Plaintiff's Complaint, Plaintiff sets forth conclusions of law to which CBNC is not obligated to respond.  To the extent CBNC is required to respond to the allegations of paragraph 22, CBNC denies that this matter is appropriate for class treatment.

23.   In response to paragraph 23 of Plaintiff's Complaint, Plaintiff sets forth conclusions of law to which CBNC is not obligated to respond.  To the extent CBNC is required to respond to the allegations of paragraph 23, CBNC denies that this matter is appropriate for class treatment.

**CORRECTED ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANT CREDIT BUREAU OF NAPA COUNTY, INC.**
Case No. 13-CV-0090-SI

5

24. In response to paragraph 24 of Plaintiff's Complaint, Plaintiff sets forth conclusions of law to which CBNC is not obligated to respond. To the extent CBNC is required to respond to the allegations of paragraph 24, CBNC denies that this matter is appropriate for class treatment.

25. In response to paragraph 25 of Plaintiff's Complaint, Plaintiff sets forth conclusions of law to which CBNC is not obligated to respond. To the extent CBNC is required to respond to the allegations of paragraph 25, and subparagraphs (a) through (d), inclusive, CBNC denies that this matter is appropriate for class treatment.

26. In response to paragraph 26 of Plaintiff's Complaint, Plaintiff sets forth conclusions of law to which CBNC is not obligated to respond. To the extent CBNC is required to respond to the allegations of paragraph 26, CBNC denies that this matter is appropriate for class treatment.

## COUNT I

## Violations of the TCPA, 47 U.S.C. § 227

27. In response to paragraph 27 of Plaintiff's Complaint, Defendant CBNC realleges and incorporates by reference the denials and allegations in the preceding paragraphs one (1) through twenty-six (26) as though fully set forth herein.

28. In response to paragraph 28 of Plaintiff's Complaint, CBNC denies that it phoned Plaintiff without consent, whether explicit or implied, on his cellular telephone number. CBNC further denies that this matter is appropriate for class treatment. As to the balance of the allegations concerning unidentified and unknown individuals, CBNC is without information sufficient to admit or deny those claims and, therefore, denies the same.

29. In response to paragraph 29 of Plaintiff's Complaint, Plaintiff in this paragraph references calls alleged to have been made without consent as more fully set forth in paragraph 28 of the Complaint. Because the matter set forth in paragraph 28 is denied, CBNC likewise denies the allegations of paragraph 29 which incorporate therein the allegations of paragraph 28. CBNC denies this matter is appropriate for class treatment. CBNC otherwise admits that it sometimes uses in its business the sort of equipment described in paragraph 29, except that the generation of numbers is not random or necessarily sequential as the numbers phoned are only those utilized by individuals with a business relationship of some sort with CBNC or one of its clients.

30. In response to paragraph 30 of Plaintiff's Complaint, CBNC is without information sufficient to admit or deny the allegations set forth therein and, therefore, denies the same.

31. In response to paragraph 31 of Plaintiff's Complaint, CBNC denies that it violated the TCPA because its conduct adhered to the requirements of the TCPA and other applicable law.

32. In response to paragraph 32 of Plaintiff's Complaint, CBNC denies that it is liable for any damages alleged in the Complaint because its conduct adhered to the requirements of the TCPA and other applicable law.

33. In response to paragraph 33 of Plaintiff's Complaint, CBNC denies that it is liable for any damages alleged in the Complaint because its conduct adhered to the requirements of the TCPA and other applicable law.

/././

/././

## II.

## JURY TRIAL DEMANDED

CBNC demands jury trial on all issues, claims, and defenses so triable.

## III.

## AFFIRMATIVE DEFENSES

CBNC asserts the following affirmative and or additional defenses. By asserting these defenses, CBNC does not assume the burden or production, persuasion, or proof of any issue for which Plaintiff has the burden under the law. Unless otherwise indicated, each defense is asserted against all of Plaintiff's claims.

### FIRST AFFIRMATIVE DEFENSE

The Complaint and the lone claim for relief contained therein is barred because Plaintiff and one or more of the purported class members provided prior express consent, through an established business relationship or otherwise, that he or she be called on his or her cell phone number or residential phone number.

### SECOND AFFIRMATIVE DEFENSE

To the extent that the Complaint seeks putative-class damages, the aggregated statutory damages, if any, may result in potential ruinous liability for CBNC and may constitute excessive fines in violation of the United States Constitution, Eight Amendment.

### THIRD AFFIRMATIVE DEFENSE

All or part of the relief sought is barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing and/or capacity to either bring or maintain this action, or to obtain the relief sought because, *inter alia*, Plaintiff and any putative class members have not been

harmed or suffered "injury in fact" by the alleged conduct at issue regardless of whether Plaintiff seeks only statutory damages. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). It would appear self-evident that the recipient of a cell phone or residential phone call would first be required to demonstrate cognizable injury, that is, that he or she was both (1) charged, and (2) paid, for the call. *See* 47 U.S.C. §227(b)(1)(A)(iii).

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint and its lone claim for relief contained therein are barred because Plaintiff and the purported class members had a duty to take reasonable steps to mitigate and/or avoid their alleged damages. CBNC, on information and belief, alleges that Plaintiff and the purported class members failed to take any steps or delayed unreasonably in doing so. Had Plaintiff and the purported class members timely and diligently taken reasonable steps to mitigate and/or avoid their alleged damages, such alleged damages, if any, would have been reduced or avoided altogether.

**SIXTH AFFIRMATIVE DEFENSE**

The sole claim alleged in the Complaint is barred by the doctrine waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint, and the sole claim for relief alleged therein, is barred by the doctrine of unclean hands; specifically, among other things, Plaintiff and/or putative class members intentionally withheld contact information or deceived CBNC in an attempt to induce calls to his or her cell phone(s) and residential phone(s) so as to attempt to provide a combination of debt relief and the instant-pled affirmative claims.

/././

/././

CORRECTED ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT CREDIT BUREAU OF NAPA COUNTY, INC.
Case No. 13-CV-0090-SI

9

harmed or suffered "injury in fact" by the alleged conduct at issue regardless of whether Plaintiff seeks only statutory damages. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). It would appear self-evident that the recipient of a cell phone or residential phone call would first be required to demonstrate cognizable injury, that is, that he or she was both (1) charged, and (2) paid, for the call. *See* 47 U.S.C. §227(b)(1)(A)(iii).

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint and its lone claim for relief contained therein are barred because Plaintiff and the purported class members had a duty to take reasonable steps to mitigate and/or avoid their alleged damages. CBNC, on information and belief, alleges that Plaintiff and the purported class members failed to take any steps or delayed unreasonably in doing so. Had Plaintiff and the purported class members timely and diligently taken reasonable steps to mitigate and/or avoid their alleged damages, such alleged damages, if any, would have been reduced or avoided altogether.

**SIXTH AFFIRMATIVE DEFENSE**

The sole claim alleged in the Complaint is barred by the doctrine waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint, and the sole claim for relief alleged therein, is barred by the doctrine of unclean hands; specifically, among other things, Plaintiff and/or putative class members intentionally withheld contact information or deceived CBNC in an attempt to induce calls to his or her cell phone(s) and residential phone(s) so as to attempt to provide a combination of debt relief and the instant-pled affirmative claims.

/././

/././

**EIGHTH AFFIRMATIVE DEFENSE**

The claim alleged in the Complaint is uncertain, ambiguous, and/or unintelligible.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff has unreasonably delayed in bringing this action to the prejudice of CBNC and is therefore barred from bringing this action by the doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of estoppel. Plaintiff assisted, directed, ordered, approved and/or ratified the alleged conduct by, *inter alia*, specifically providing to Verizon Wireless, or CBNC, or both, his wireless phone number and CBNC relied on these actions to its detriment.

**ELEVENTH AFFIRMATIVE DEFENSE**

All or part of the relief sought by Plaintiff and the putative class members may be barred by illegality, fraud, prior material breach, and/or breach of the duty of good faith and fair dealings arising out of, but not limited to, Plaintiff and/or putative class members' fraudulent conduct and the providing of false information during negotiations and contracting for the underlying debt that is the subject of the Complaint in this action.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to name all necessary and indispensable parties to this action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

CBNC has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone calls in violation of the regulations prescribed under TCPA. 47 U.S.C. § 227(C)(5).

/././

### FOURTEENTH AFFIRMATIVE DEFENSE

The subject telephone system is not an "automatic telephone dialing system" under the TCPA because the telephone system does not utilize a "random or sequential number generator," as that term is contemplated by the act, to store or produce telephone numbers.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to privilege, absolute or qualified, including, but not limited to, the common interest privilege.

### SIXTEENTH AFFIRMATIVE DEFENSE

When one accepts a credit arrangement, such as the Plaintiff, here, the Plaintiff impliedly consents for the creditor, such as Verizon Wireless or its agents or assigns, such as CBNC, here, to take reasonable steps to pursue payment even though it may result in actual, though not actionable, invasion of privacy. In the debtor-creditor situation, the right of a debtor to privacy is subject to the right of a creditor to take reasonable steps to collect the debt.

### SEVENTEENTH AFFIRMATIVE DEFENSE

No act or omission of CBNC was a substantial factor in bringing about the damages alleged, nor was any act or omission of CBNC a contributing cause thereof. Any alleged acts or omissions of CBNC were superseded by the acts or omissions of others, including Plaintiff or other third parties named or not named as in the Complaint, which were the independent, intervening and proximate cause of the damage or loss allegedly sustained by Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

/././

/././

### NINETEENTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff may be contractually obligated to arbitrate, on an individual basis only, any dispute, claim, or controversy which arises out of the transaction that is the subject matter of the instant litigation.  In the event this is correct, a timely motion to compel arbitration as an individual claim will be brought for hearing before the Court.

### TWENTIETH AFFIRMATIVE DEFENSE

This lawsuit may not be maintained as a class action because, among other things, Plaintiff and the putative class members are not similarly situated and the potential claims of the purported class members reflect variability.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

CBNC may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that CBNC does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the claims for damages and certain costs that Plaintiff alleges CBNC may be fully or partially responsible for. CBNC, therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged claims for damages and costs, and upon the development of other pertinent information.

### IX.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant CBNC prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by way of his Complaint;

2. That Plaintiff's Complaint be dismissed with prejudice;

3. For costs and disbursements incurred herein, including attorneys' fees; and

4. For such other and further relief as the court may deem just and proper.

Dated:   April 18, 2013          LAW OFFICES OF CHRISTOPHER C. SALDAÑA


                                 By:   */s/ Christopher C. Saldaña*
                                       Christopher C. Saldaña
                                       Attorneys for Defendant CREDIT BUREAU OF NAPA COUNTY, INC.